UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD ANDREW DAVIES,

    Plaintiff,                                                Case No. 15-cv-13799
vs                                                             Hon. Matthew F. Leitman

DET. MATT GOEBEL, et al.,

    Defendants.
_____/

## **STIPULATED PROTECTIVE ORDER**

This matter having come before this Honorable Court upon stipulation of the parties, through their respective counsel, and the Court being otherwise fully advised in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action may designate as "confidential" any documents produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary or confidential business nature as defined below.

    (a) "Confidential" is defined as any type or classification of information, whether originals, copies, or in redacted form, or whether in oral deposition testimony (transcript or videotape), interrogatory

responses or responses to request for admission, consisting of business or financial records, Plaintiff's medical or psychiatric records, confidential department files (including portions thereof) and any other personal documents or information of the parties or their employees, and any other writing as defined by the Federal Rules of Evidence, reflecting confidential, commercial or personal information that counsel for any of the parties has in good faith designated as confidential. This paragraph does not prohibit the parties from claiming a privilege and does not waive any party's right to assert a privilege and to not produce such document.

2. Material designated "confidential" shall be used by the party receiving the material solely in the prosecution or defense of this action.

3. Material designated as "confidential" shall be held in confidence by the party requesting the documents and his/her/its representatives; counsel for that party and professional, clerical, secretarial or other support personnel of such counsel; a person not an attorney retained by that party or counsel to assist in litigation such as accountants and experts, court reporters retained in connection with depositions in this litigation; and witnesses at deposition (collectively, the "receiving party"); none of whom shall permit disclosure of the documents, except purposes necessary to this litigation. The receiving party shall neither grant nor

permit any other person to have access to any material designated as "confidential," or inform any other person of the existence of such material or of any of the contents thereof without submitting this order to the receiving person.

4. The inadvertent disclosure or production by any party of any document protected by the attorney client or other privilege or by the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection.

5. "Confidential" material marked as an exhibit in a deposition or other discovery document remains confidential, and may not be disclosed by the receiving party except in accordance with this order.

6. The parties agree that any documents that have been designated as confidential that are used during a deposition will be treated in accordance with the stipulated protective order. By entering into this protective order, Defendants do not waive the right to file a motion for a protective order to have any portions of a deposition transcript marked as "confidential" but must do so within 21 days of the date the deposition was taken.

7. The provisions set forth in paragraph three (3) above apply for a party's designation or assertion of the deliberative process privilege. To the extent such a designation and/or privilege is asserted, the party asserting the designation/privilege shall provide the basis for its assertion. To the extent the

party asserts that the privilege precludes the production of documents and/or material, the asserting party shall produce a privilege log to all parties. Any disciplinary records contained in these files will be redacted to remove privileged information, such as conclusions of investigators or disciplinary actions, pursuant to the executive / deliberative process privilege. Defendants will produce a privilege log for redacted information. Nothing in this Order prevents Plaintiff from challenging an assertion of executive/deliberative privilege, if necessary.

    8.    Correction of Designation and Clawback

    a.    A producing party that fails to designate documents as "Confidential Material" at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of material, appropriately designated. Upon receipt of a notice of correction, the receiving party shall place the appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mid-designation by the producing party shall abide by the provisions of this Order with respect to all future use and

disclosure of any information contained in the mis-designated materials.

b. A producing party that inadvertently produces any document or other information during discovery in this litigation that the producing party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently producing party, the receiving party (a) shall return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the receiving party objects to the return of the document, the receiving party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as "Confidential Material" pursuant to this Order, unless otherwise ordered by the Court. If such a motion is made within thirty (30) days of receiving the notice from the producing party of its claim of inadvertent production, the receiving party may retain the produced document or information until

the Court resolves the motion. However, the receiving party shall not use the document or information for any purpose other than the motion except upon further order of the Court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the producing party and the receiving party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the receiving party. If the receiving party disclosed the document or information before being notified, it must notify the producing party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

  c. If "Confidential Material" is disclosed by a receiving party to anyone other than in a manner authorized by this Order, the receiving party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the producing party of the "Confidential Material" and make every reasonable effort to retrieve it and to prevent further disclosure.

9. Materials designated as "confidential" may be used in any

proceeding in this action, including but not limited to:

(a) Discovery depositions;

(b) Motions, briefs and pleadings;

(c) Argument before the court

(d) Trial or appeal.

This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion *only*, (v) a memorandum of legal authority supporting the seal.

10. If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the designation for such document(s) by providing opposing counsel with written notice as to the specific information being challenged, together with identification of the document by bate stamp. In the event that parties cannot resolve the disagreement, the party who designated the

document as "confidential" may file a motion seeking a resolution of the challenge within 14 days of notice or waive same designation. Unless the designating party has waived the designation by failing to timely file a motion, the parties shall treat the information as subject to this Order until the matter is resolved by the Court or otherwise. It shall be the burden of the party designating the information, testimony or documents as confidential to demonstrate why the confidential designation should be upheld in the event of a challenge.

11. At the conclusion of this action, including the exhaustion of all appeals, a party receiving materials designated as "confidential" shall destroy or return information and/or documents, except for information that can be obtained through the Freedom of Information Act., including but not limited to information containing compensation, benefits, and disciplinary action, citizen complaints, internal investigations, policies and procedures, pursuant to the producing party's instruction and at the producing party's expense. If the receiving party chooses to destroy the materials, rather than returning it, the receiving party shall confirm in writing to the producing party that the documents were destroyed.

12. This Order may be modified upon written stipulation of the parties, or

by the Court, upon motion of any party, for good cause shown.

      **IT IS HEREBY ORDERED.**

                                s/Matthew F. Leitman
                                MATTHEW F. LEITMAN
                                UNITED STATES DISTRICT JUDGE

Dated:    July 13, 2017


Approved as to form and content:

| FIEGER, FIEGER, KENNY & HARRINGTON, P.C. | POTTER, DeAGOSTINO, O'DEA & PATTERSON |
|---|---|
| By: /s/ Gina U. Puzzuoli<br>GINA U. PUZZUOLI (P37992)<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555<br>g.puzzuoli@fiegerlaw.com | By: /s/Robert C. Clark<br>ROBERT C. CLARK (P76359)<br>Attorney for Oakland County Defendants<br>2701 Cambridge Court, Suite 223<br>Auburn Hills, MI 48326<br>(248)377-1700<br>rclark@potterlaw.com |

CITY OF DETROIT LAW DEPARTMENT

By: /s/ Christina V. Kennedy
CHRISTINA V. KENNEDY
(P68992)
Attorney for Defendant Mendoza;
Non-Party City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3089/Fax: (313) 224-5505